**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| ALJAWANN JOHNSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 126-173 |
| | * | |
| STATE FARM CLAIMS 11-72P6-16M, | * | |
| | * | |
| Defendant. | * | |

# O R D E R

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*). On August 31, 2026, the Court directed Plaintiff to submit an amended complaint within fourteen days, and provided instructions regarding amending the complaint. (See doc. 4, at 6-8.) The Court also provided Plaintiff the standard complaint form and cautioned him that failing to timely submit an amended complaint would be an election to have this case voluntarily dismissed without prejudice. (Id. at 8; doc. 4-2.) The time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's August 31st Order. Nor has he provided the Court with any explanation why he has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Also, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to

comply with the Court's prior Order, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Plaintiff has been warned that failing to submit an amended complaint would be an election to have his case voluntarily dismissed. (See doc. 4, at 8.) Therefore, the Court **DISMISSES** this case without prejudice and **CLOSES** this civil action.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of September, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA